

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



C. MANN
GENERAL

Hon. Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Mr. Montgomery:

Opinion No. O-621
Re: State's right to land once
     constituting highway right-
     of-way but which is no longer
     needed for that purpose.

On November 8, 1939, you requested the opinion of this department on the following questions:

1. What is the nature and extent of the State's right and title to the right of way for a former county road, acquired by designation as a state highway?

2. Is the State's interest such as may be disposed of by sale or lease for oil and gas development?

3. Can the State of Texas, Texas Highway Department legally hold the tracts and develop the oil, gas and minerals thereunder?

In connection with your questions you stated:

"Prior to the creation of the State Highway Department in 1917, all of the public roads in Texas were laid out, built, and maintained by the various counties. It has been our experience that the counties in those days rarely ever obtained deeds or easements to the right of way for such roads."

And you further stated:

"Now, as highway construction has progressed through the years since 1917, the Highway Commission has seen fit to rebuild some of the highways

Hon. Julian Montgomery, Page 2

which formerly were county roads, on new loca-
tions, and finds itself in possession of valu-
able oil lands, which no longer are needed for
highway right of way purposes. Many of the
tracts are small isolated areas which could not
be utilized by counties as a part of the county
road system."

We take it from the above quoted portion of your letter
that none of the tracts in question were secured by an outright
deed in fee simple from the fee owner to the county or state and
answer your questions on that assumption. Therefore, the most
that the state could own under the circumstances would be an
easement for highway purposes. Thus, when the road is closed
and abandoned the right to use and occupy the land would revert
to the owner free and clear of the easement and the state would
have no right to retain same for other purposes, as the state
never had any right to use such land except for highway purposes.
The fee simple title burdened with the easement remained in the
owner thereof, at the time the easement was created, his heirs
and assigns. This is true whether the easement was acquired by
dedication from the owner for roadway purposes, acquired by pur-
chase of a right of way for roadway purposes, condemned under
the law of eminent domain for roadway purposes, or established
by prescription.

Article 3270, Revised Civil Statutes of 1925, under
Title 52, "Eminent Domain", provides as follows:

"Except where otherwise expressly provided
by law, the right secured or to be secured to
any corporation or other plaintiff in this State,
in the manner provided by this law, shall not be
so construed as to include the fee simple estate
in lands, either public or private, nor shall the
same be lost by the forfeiture or expiration of
the charter, but shall remain subject to an ex-
tension of the charter of the grant of a new
charter without a new condemnation."

In the case of Calvert et al., vs. Harris County, 46
S. W. (2d) 375, decided by the Court of Civil Appeals at Galves-
ton, wherein the defendants in a condemnation suit by the county
seeking to condemn certain of his land for road purposes con-
tended that he was entitled to the value of the minerals under
the land taken, the court in overruling his contention used the
following language:

Hon. Julian Montgomery, Page 3

> "The settled rule is that in condemnation proceedings only an easement is acquired and that such easement is all that the law requires to be paid for."

We find in Texas Jurisprudence the following language:

> "Under the law of eminent domain a highway easement only is acquired by condemnation; the fee remains vested in him whose property was condemned. Also, the public right is but an easement when the roadway is dedicated by the owner or acquired by purchase or established by prescription." 21 Tex. Jur. p. 622, sec. 98, under "Highways". See also Boone et al. vs. Clark et al., 214 S. W. p. 607, Ct. Civ. App. Ft. Worth; Humble Oil and Refining Co. vs. Waggoner, 19 S.W. (2d) 457, Ct. Civ. App. case; and C. W. Neil et al. vs. Independent Realty Co. by the Sup. Ct. of Missouri, 70 A.L.R. p. 550 and annotations thereunder.

In answer to your first question, it is the opinion of this department that the state only has an easement for road right of way purposes.

For the reasons expressed in our answer to your first question your second and third questions are answered in the negative.

If we are wrong in the assumption that none of the tracts in question were deeded in fee simple to the counties or to the state, then please furnish us with copies of such deeds as you have for our construction and further opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      *D D Mahon*

D. D. Mahon
Assistant

DDM:jm    APPROVED NOV 17, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY *BWB* CHAIRMAN